UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WISCONSIN

Michael Anthony Wright Sr.
    Plaintiff,

V.

Doctor Bayton
Doctor Hoffiezer
H.S.U. Manger, B. Dittman
    Defendants.

Complaint

Case No. 12 C 0870 BBC

**COMPLAINT UNDER THE CIVIL RIGHTS ACT, 42 U.S.C. § 1983**

### I. COMPLAINT

1. Plaintiff, Michael Anthony Wright Sr. pro se, for this complaint state as follows:

### II. PARTIES, JURISDICTION AND VENUE

2. Plaintiff Michael Anthony Wright Sr. #189989 is and was, at all times relevant hereto, a prisoner in the custody of Wisconsin Department of Corrections. (WDOC) at the time of the events hereto, Wright was incarcerated at Dodge Correctional Institution, 1W. Lincoln Street Waupun, WI. 53963-0700.

3. Plaintiff Michael Anthony Wright Sr. is and was at all times mentioned herein, an adult citizen of the United States, and a resident of the State of Wisconsin.

4. Defendant, Doctor Bayton, at all times relevant hereto, a physician employed or retained by Wisconsin Department of Corrections, to provide medical services at Dodge Correctional Institution.

**LEGAL LOAN 189989**

5. Defendant Doctor Hoftiezer, was at all times relevant hereto, a physician employed or retained by Wisconsin Department of Corrections, to provide medical services at Dodge Correctional Institution.

6. Defendant, B. Dittman, was at all times relevant hereto a Health Services Unit Manager, employed by Wisconsin Department of Corrections, to manage medical services at Dodge Correctional Institution.

7. This action arises under and is brought pursuant to 42 U.S.C. Section 1983 to remedy the deprivation, under color of state law, or rights guaranteed by the Eighth Amendments to the United States Constitution. This Court has jurisdiction over this action pursuant to 28 U.S.C. Section 1331.

8. Plaintiff claims for injunctive relief are authorized by 28 U.S.C. Section 2283 and 2284 and Rule 65 of the Federal Rules of Civil Procedure.

9. This cause of action arose in the Western District of Wisconsin. Therefore, venue is proper under 28 U.S.C. Section 1391(b).

### III. PREVIOUS LAWSUITS BY PLAINTIFF

10. Plaintiff has filed no other lawsuits dealing with the same facts involved in this action or otherwise relating

**LEGAL LOAN   189989**

to his imprisonment.

## IV. EXHAUSTION OF ADMINISTRATIVE REMEDIES

11. I used the prisoner grievance procedure in this institution to try to solve my problem. On November 9, 2012, I received a decision dismissing my complaint, signed by Deidre Morgan.

## V. STATEMENT OF CLAIM

12. Plaintiff reallege and incorporate by reference paragraphs 1 through 12 herein.

13. At all relevant times herein, Defendants were "persons" for purposes of 42 U.S.C. Section 1983 and acted under color of law to deprive Plaintiff of his constitution rights as set forth more fully below.

## VI. STATEMENT OF FACTS

14. Plaintiff, started hepatitis C. treatment while in the community. Plaintiff was on a community care program to cover the cost of the medication.

15. Three months or so into the treatment, plaintiffs white blood counts went down, and was prescribed a medication to raise the white blood cell count.

16. The Community Care program would not cover the cost of the medication to raise the white blood cell count, so

**LEGAL LOAN   189989**

plaintiff, discontinued the hepatitis C treatment until he could find a way to cover the cost of the medication to raise his white blood cell count.

17. Plaintiff was informed by Wheaton Franciscan Health Care and was told by Doctor Bayton, through the record review, that he was responding to the treatment.

18. On or about April 23rd, 2012 Plaintiff started his incarceration, and signed a release of medical information at Racine Correctional Institution, for the medical department at Dodge Correctional Institution.

19. On or about May 1, 2012 plaintiff had a physical with Doctor Bayton. At that time plaintiff told Doctor Bayton of his medical situation and expressed his desire to start the hepatitis C treatment and the medication to raise his white blood cell counts.

20. Plaintiff sent a Health Care Request that same day requesting to have the medications that had been previously prescribed to him.

21. Doctor Bayton's response was "as explained at your intake physical, the decision whether Corrections will restart your previously interrupted hepatitis C treatment is a complex one and it will be a matter of months before that question is resolved". Dated 5/2/12.

**LEGAL LOAN   189989**

22. Plaintiff submitted another health care request, dated May 3, 2012, asking to speak with a supervisor, regarding receiving his prescribed medication.

23. Defendant, Doctor Hoftiezer, responded saying "we will not start hepatitis C. treatment on you at this time. Having failed to complete your previous treatment in 2011, makes it much more difficult to treat your virus. You may be considered for new treatment in the future". Dated May 7, 2012.

24. Plaintiff submitted a grievance, dated May 17, 2012. On May 23, 2012, he received a decision dismissing his grievance stating the HSU Manager B. Dittman has reviewed plaintiff's file, and B. Dittman indicated appropriate care is being provided.

25. Plaintiff appealed this decision to the Secretary of the Department of Corrections.

26. Plaintiff received a memo from Doctor Bayton, dated August 31, 2012, informing plaintiff that he had discussed plaintiffs situation with his supervisor, and the potential for referral for another attempt at treatment is greater than I had thought, and will see you back next month to discuss this further.

27. Up to this time, plaintiff has had, blood test, ultra sound, and a stress test, but no medication to treat his disease.

**LEGAL LOAN 189989**

28. Plaintiff received another memo from Doctor Bayton, dated October 26, 2012 stating that his white blood cells are low, therefore we'll postpone your next checkup about hepatitis C for six months.

29. Defendants, Doctor Bayton, Doctor Hoftiezer and HSU Manager, B. Dittman, have all viewed plaintiffs medical file, and know of the substantial risk of harm to plaintiff, and disregard that risk.

## VII. LEGAL CLAIMS

30. Plaintiff has been diagnosed by a physician, mandating treatment for his disease. He was also, prescribed a medication by a physician, to raise his blood cell counts. The Defendants know of plaintiff's serious medical condition, and showed deliberately indifferent to plaintiff's serious medical need violating plaintiff's Eighth Amendment right, by denying him the proper medical care.

## VIII. PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully pray that this court enter judgement:

31. Granting plaintiff a declaration that the acts described herein violated his rights under the Constitution and laws of the United States, and

**LEGAL LOAN 189989**

32. Plaintiff request an injunction compelling defendants to provide the prescribed medications, to treat his disease.

33. Plaintiff request $25,000 as compensatory damages and $100,000 compensatory damages, if in the event his medical conditions gets worse, due to the non-treatment of his disease.

Signed this 26th day of November, 2012.

_____
Michael Anthony Wright Sr.


I declare under penalty of perjury that the foregoing is true and correct.

_____
Michael Anthony Wright Sr.

November 26, 2012
Date

**LEGAL LOAN   189989**