IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

MICHAEL ANTHONY WRIGHT, SR.,

       Plaintiff,

    v.                       Case No. 12-C-870

DOCTOR BAYTON, DOCTOR HOFFIEZER and
H.S.U. MANAGER B. DITTMAN,

       Defendants.

## DEFENDANTS' ANSWER TO PLAINTFF'S COMPLAINT

The defendants, Charles Baynton, Scott Hoftiezer, and Beth Dittmann, by their attorneys, J.B. Van Hollen, Attorney General, and Ann Peacock, Assistant Attorney General, answer plaintiff's complaint as follows:

## ANSWER TO COMPLAINT

## I.  COMPLAINT

1.    Answering paragraph 1 of plaintiff's complaint, plaintiff does not assert any allegations in this paragraph and, therefore, no response is required.

## II.  PARTIES, JURISDICTION AND VENUE

2.    Answering paragraph 2 of plaintiff's complaint, defendants **ADMIT**.

3.    Answering paragraph 3 of plaintiff's complaint, defendants **ADMIT**.

4.    Answering paragraph 4 of plaintiff's complaint, defendants **ADMIT**.

5.    Answering paragraph 5 of plaintiff's complaint, defendants **ADMIT**.

6.    Answering paragraph 6 of plaintiff's complaint, defendants **ADMIT**.

7.      Answering paragraph 7 of plaintiff's complaint, defendants assert that plaintiff's allegation constitutes a legal conclusion to which no response is required.  To the extent that any facts are alleged, defendants **DENY**.

8.      Answering paragraph 8 of plaintiff's complaint, defendants assert that plaintiff's allegation constitutes a legal conclusion to which no response is required.

9.      Answering paragraph 9 of plaintiff's complaint, defendants assert that plaintiff's allegation constitutes a legal conclusion to which no response is required.

## III.  PREVIOUS LAWSUITS BY PLAINTIFF

10.     Answering paragraph 10 of plaintiff's complaint, defendants **ADMIT**, upon information and belief.

## IV.  EXHAUSTION OF ADMINISTRATIVE REMEDIES

11.     Answering paragraph 11 of plaintiff's complaint, defendants **ADMIT**.

## V.  STATEMENT OF CLAIM

12.     Answering paragraph 12 of plaintiff's complaint, plaintiff has made no allegations within this paragraph and, therefore, no response is required.

13.     Answering paragraph 13 of plaintiff's complaint, defendants assert that plaintiff's allegation constitutes a legal conclusion to which no response is required.  To the extent that any facts are alleged in this paragraph, defendants **DENY**.

## VI.  STATEMENT OF FACTS

14.     Answering paragraph 14 of plaintiff's complaint, defendants **ADMIT**, upon information and belief.

15.     Answering paragraph 15 of plaintiff's complaint, defendants **ADMIT**, upon information and belief.

16.     Answering paragraph 16 of plaintiff's complaint, defendants lack sufficient knowledge and information to form a belief as to the truth of the allegations and, therefore, **DENY**.  Defendants **AFFIRMATIVELY ALLEGE** that the records from Wheaton Franciscan Medical Group indicate that plaintiff stopped his Hepatitis C treatment mainly due to side effects.

17.     Answering paragraph 17 of plaintiff's complaint, defendants **ADMIT**.

18.     Answering paragraph 18 of plaintiff's complaint, defendants **ADMIT**.

19.     Answering paragraph 19 of plaintiff's complaint, defendants **ADMIT**.

20.     Answering paragraph 20 of plaintiff's complaint, **ADMIT**.

21.     Answering paragraph 21 of plaintiff's complaint, defendants **ADMIT**.

22.     Answering paragraph 22 of plaintiff's complaint, defendants **ADMIT**.

23.     Answering paragraph 23 of plaintiff's complaint, defendants **ADMIT**.

24.     Answering paragraph 24 of plaintiff's complaint, defendants **ADMIT**.

25.     Answering paragraph 25 of plaintiff's complaint, defendants **ADMIT**.

26.     Answering paragraph 26 of plaintiff's complaint, defendants **ADMIT**.

27.     Answering paragraph 27 of plaintiff's complaint, defendants ADMIT that plaintiff has underwent blood test and an ultrasound.  Defendants further ADMIT that plaintiff has not been given medication for treatment of Hepatitis C because he did not meet the medical criteria. Defendants lack sufficient knowledge and information as to whether plaintiff underwent a stress test.

28.     Answering paragraph 28 of plaintiff's complaint, defendants **ADMIT**.

29.     Answering paragraph 29 of plaintiff's complaint, defendants **DENY**.

## VII.  LEGAL CLAIMS

30.     Answering paragraph 30 of plaintiff's complaint, defendants **ADMIT** that plaintiff was diagnosed with Hepatitis C and prescribed medication to raise his blood cell counts by Wheaton Franciscan Medical Group.   Defendants **DENY** that treatment is mandated. Defendants **DENY** that they were deliberately indifferent to plaintiff's serious medical need. Defendants **DENY** that plaintiff's Eighth Amendment rights have been violated.   Defendants **DENY** that plaintiff has been denied "proper" medical care.

## VIII.  PRAYER FOR RELIEF

31.     Answering paragraph 31 of plaintiff's complaint, defendants **DENY** that plaintiff is entitled to any of the relief he seeks.

32.     Answering paragraph 32 of plaintiff's complaint, defendants **DENY** that plaintiff is entitled to any of the relief he seeks.

33.     Answering paragraph 33 of plaintiff's complaint, defendants **DENY** that plaintiff is entitled to any of the relief he seeks.

34.     Defendants **DENY** any and all allegations not specifically admitted above.

### AFFIRMATIVE DEFENSES

Defendants allege the following affirmative defenses:

1.     All or portions of this action may be subject to dismissal pursuant to doctrine of qualified immunity.

2.     The action must be dismissed to the extent that it names the defendants in his/her official capacities.

3.     All or portions of this action must be dismissed to the extent that plaintiff failed to exhaust administrative remedies.

4.      At all times relevant to matters alleged in plaintiff's complaint, the defendants acted in good faith in accordance with established laws and administrative rules.

5.      Any damages sustained by plaintiff were caused by intervening and/or superseding causes over which these answering defendants had no control, including but not limited to, the acts or omissions of the plaintiff.

6.      No answering defendant can be found liable for the actions of any other answering defendant under a theory of *respondeat superior*.

7.      No answering defendant is the agent, servant or employee of any other answering defendant and therefore there can be no liability against one answering defendant predicated on the actions or inactions of another answering defendant.

8.      The action must be dismissed to the extent that any of the defendants did not have any personal involvement in the events leading to or surrounding the incident which is the basis of this lawsuit.

9.      The defendants reserve the defense of plaintiff's failure to mitigate damages.

10.     The defendants reserve the right to name additional affirmative defenses, as they may become known through further discovery or otherwise in this action.

**WHEREFORE**, the defendants demand judgment dismissing plaintiff's complaint on the merits with prejudice, and for such other relief as the court deems just and proper, including the award of defendants' reasonable attorney fees and expenses.

Dated this 20th day of February, 2013.

J.B. VAN HOLLEN
Attorney General

s/Ann M. Peacock
ANN M. PEACOCK
Assistant Attorney General
State Bar #1046175

Attorney for Defendants

Wisconsin Department of Justice
17 West Main Street, Post Office Box 7857
Madison, Wisconsin 53707-7857
Telephone:  (608) 266-9230
Fax:  (608) 267-8906