IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

MICHAEL ANTHONY WRIGHT, SR.,

                              Plaintiff,

        v.

CHARLES BAYNTON, SCOTT HOFTIEZER
and BETH DITTMAN,

                            Defendants.

ORDER

12-cv-870-bbc

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

        Plaintiff Michael Anthony Wright is proceeding on a claim that defendant Charles Baynton, Scott Hoftiezer and Beth Dittman violated his Eighth Amendment rights by refusing to treat his hepatitis C.  The deadline for filing dispositive motions is November 1, 2013.

        Now before the court is a two-page document filed by plaintiff that he calls "motion requesting order to extend legal loan limit."  Dkt. #14.  In his motion, plaintiff says that he received a letter from the "Dodge Correctional Programs Director" informing him that he has reached his legal loan limit for the year; he is "not able to send out any legal loan postage, except of a simple postage envelope to write the Court to explain the legal loan limits, and request an order directing Dodge Correctional to extend the legal loan to this matter"; he does not have any of his own funds to purchase "paper and postage needed to meet deadlines"; and the summary judgment deadline is approaching.

Defendants point out in their opposition brief that plaintiff's motion is premature because plaintiff has not filed a request with prison officials under DAI Policy 309.51.01 to obtain an enlargement of his loan.  Plaintiff should not request assistance from the court until he has exhausted his remedies within the prison.  Farmer v. Brennan, 511 U.S. 825, 847 (1994) ("When a prison inmate seeks injunctive relief, a court need not ignore the inmate's failure to take advantage of adequate prison procedures, and an inmate who needlessly bypasses such procedures may properly be compelled to pursue them.").

Before plaintiff seeks an enlargement of his legal loan so that he may file a motion for summary judgment in this case, he should know that he is not required to file such a motion. In fact, plaintiffs rarely file summary judgment motions on claims such as the one in this case that requires proof of the defendants' mental state.  This is because it would be almost impossible for the plaintiff to prevail on such a motion unless the defendants admit that they acted with unlawful intent.  If plaintiff does not have that type of evidence, he should not spend his time and money drafting and filing a motion for summary judgment.

If defendants file a motion for summary judgment, plaintiff will be required to file a response to that motion.  If prison officials refuse to provide the materials he needs to respond to that motion and he does not have the means to purchase those materials himself, he may request court assistance at that time.  Bounds v. Smith, 430 U.S. 817, 825 (1977) ("[I]ndigent inmates must be provided at state expense with paper and pen to draft legal documents with notarial services to authenticate them, and with stamps to mail them."); Ripp v. Nickel, 838 F. Supp. 2d 861, 862 (W.D. Wis. 2012) (granting prisoner's motion to

compel warden to provide " the writing materials and postage that plaintiff needs to respond

to defendants' motion for summary judgment and litigate the remainder of this case").


ORDER

IT IS ORDERED that plaintiff Michael Anthony Wright's "motion  requesting order

to extend legal loan limit," dkt. #14, is DENIED as premature.

Entered this 3d day of October, 2013.

BY THE COURT:
/s/
BARBARA B. CRABB
District Judge