IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

MICHAEL ANTHONY WRIGHT, SR.,

                          OPINION and ORDER

        Plaintiff,

                          12-cv-870-bbc

  v.

CHARLES BAYNTON, SCOTT HOFTIEZER
and BETH DITTMAN,

        Defendants.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

      The question in this case is whether defendants Charles Baynton, Scott Hoftiezer and Beth Dittman are violating the Eighth Amendment by failing to provide medical care for plaintiff Michael Anthony Wright's hepatitis C while he is incarcerated at the Dodge Correctional Institution. Defendants have filed a motion for summary judgment, dkt. #20, which is ready for review.

      It is clear from a review of plaintiff's summary judgment submissions that the complexity of the case exceeds his ability to litigate it. Further, defendants' motion for summary judgment raises more questions than it answers regarding the reasons for the treatment decisions of defendants Baynton and Hoftiezer. Accordingly, I am denying without prejudice defendants' motion for summary judgment as to defendants Baynton and Hoftiezer while the court looks for counsel to represent plaintiff. However, because it is clear that defendant Dittman was entitled to rely on Baynton's and Hoftiezer's opinion, I

1

am granting defendants' motion as it relates to her.

OPINION

On May 30, 2013, plaintiff filed a motion for assistance in recruiting counsel on the ground that the case involved complex medical issues. Dkt. #12. Magistrate Judge Stephen Crocker denied plaintiff's motion on the ground that he had not made the required showing under Pruitt v. Mote, 503 F.3d 647, 654, 656 (7th Cir. 2007), that the legal and factual difficulty of the case exceeds his ability to prosecute it.

After reviewing plaintiff's summary judgment submissions, I am persuaded that plaintiff has now made the necessary showing. In response to defendants' motion for summary judgment, plaintiff did not prepare any of his own proposed findings of fact as most litigants do, particularly in fact-intensive cases such as this one; he did not submit any evidence to support his claim, not even his own affidavit; and his four-page brief did not include a response to the arguments in defendants' 24-page brief and included only one case citation.

Plaintiff filed responses to defendants' proposed findings of fact, but his most common response was that he "lacks sufficient knowledge and information to form a belief as to the truth of this statement to form a belief and therefore dispute." That is an appropriate response to an allegation in a complaint, but not to proposed findings of fact, which must be disputed with specific evidence. Even when plaintiff disputed a proposed finding of fact with a contrary allegation, he did not cite any evidence to support his view.

Perhaps if defendants' summary judgment materials demonstrated that judgment in their favor was a forgone conclusion, I would hesitate before devoting the time and resources necessary to locating a lawyer willing to represent plaintiff. However, defendants' materials leave many unanswered questions regarding plaintiff's treatment by defendant Charles Baynton, a physician at the prison, and defendant Scott Hoftiezer, the associate medical director for the Wisconsin Department of Corrections and a physician at the prison.

It is undisputed that plaintiff has been diagnosed with hepatitis C, that hepatitis C can lead to serious liver problems or even death, that antiviral medication is the most common way to treat the illness and that defendants have refused thus far to provide that treatment. In their brief, defendants argue that their refusal is justified by plaintiff's "chronically low absolute neutrophil count." Dfts.' Br., dkt. #21, at 20. This is important, defendants say, because it suggests that plaintiff's immune system is weak, which is a problem because treatment for hepatitis C tends to weaken a patient's immune system further, making him more susceptible to other infections.

That argument is fine as far as it goes. The potential problem is that defendants acknowledge in their proposed findings of fact that a medication called neupogen exists to treat a low neutrophil count, but they do not explain why they waited more than a year before even beginning to consider the use of that medication. Although they propose facts about potential side effects of neupogen, they do not argue that the side effects were the reason for the delay. Further, after plaintiff filed this lawsuit, defendants began exploring other treatment options for plaintiff, including neupogen, yet defendants do not suggest that

potential side effects are a reason now for declining to consider the use of neupogen for plaintiff. Because one of the key questions in a case brought under the Eighth Amendment regarding medical care is whether the defendants used medical judgment in making their treatment decisions, King v. Kramer, 680 F.3d 1013, 1018 (7th Cir. 2012), the missing explanation is troubling.

The record raises other questions too. First, despite their reliance on plaintiff's low neutrophil count as the sole reason for the failure to treat him, defendants do not explain why they waited five months before even determining what plaintiff's neutrophil count was. Second, defendants say that further treatment decisions for plaintiff are being delayed now because of plaintiff's vision problems, but they do not explain the relationship between the two conditions. Finally, defendants make a conclusory statement that plaintiff's "condition is not rapid and there is no medical reason to believe that the delay of ensuring that treatment is appropriate will adversely affect the outcome." Dfts.' PFOF ¶ 99, dkt. #22. However, they do not explain the basis for this opinion in light of their other statements that tests have shown that plaintiff has a fatty liver and has developed cirrhosis. Id. at ¶¶ 46 and 71.

The situation is not the same as to defendant Dittman. She is an administrator, not a physician. Her only involvement in this case was to rely on the other defendants' determinations when plaintiff complained to her about not receiving treatment for his hepatitis C. Because it is well established that lay officials are entitled to rely on a doctor's opinion in context of medical treatment decisions, McGee v. Adams, 721 F.3d 474, 483 (7th

4

Cir. 2013), I see no reason for keeping Dittman in the case.

## ORDER

IT IS ORDERED that

1. The motion for summary judgment filed by defendants Charles Baynton, Scott Hoftiezer and Beth Dittman, dkt. #20, is GRANTED with respect to defendant Dittman and DENIED WITHOUT PREJUDICE as to defendants Baynton and Hoftiezer. Plaintiff Michael Wright's complaint is DISMISSED as to defendant Dittman.

2. The schedule in this case is STRICKEN and proceedings are STAYED pending recruitment of counsel for plaintiff. If I find counsel willing to represent plaintiff, I will advise the parties of that fact. Soon thereafter, a status conference will be held to establish a new schedule for this case.

Entered this 5th day of February, 2014.

BY THE COURT:
/s/
BARBARA B. CRABB
District Judge

5